**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | **CIVIL ACTION** |
| **GREGORY CRAWFORD** | : | |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | **No. 20-871** |
| | : | |
| **JEFFERSON HOSPITAL** | : | |
| *Defendant.* | : | |

**<u>MEMORANDUM</u>**

## I.    INTRODUCTION

Plaintiff Gregory Crawford brings this action against his former employer, Defendant Jefferson Hospital, for violations of the Americans with Disabilities Act of 1990 ("ADA") as codified, 42 U.S.C. § 12101 et seq. and the Age Discrimination in Employment Act of 1967 ("ADEA"), as codified, 29 U.S.C. §§ 621 et seq.  ECF No.1 at ¶¶ 1-2.  Defendant Jefferson Hospital moves to dismiss all claims under Fed. R. Civ. P. 12(b)(6), contending that Plaintiff has not pled factual allegations sufficient to state a claim under either the ADA or the ADEA.

## II.    BACKGROUND

When reviewing a motion to dismiss, the Court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the

1

non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018)

(quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

Plaintiff alleges that he was employed by Defendant for 25 years as a mental

health technician.  *Id.* at ¶¶ 8-9.  Plaintiff alleges that he worked in a "dutiful and

competent manner" at Jefferson Hospital, consistently "maintain[ing] at least a

satisfactory performance level."  *Id.* at ¶ 16.  Plaintiff alleges that his 25 years of

employment demonstrate his "consistently exemplary" productivity and work

ethic.  *Id.* at ¶ 17.

Plaintiff alleges that he injured himself while assisting a patient "[i]n or

around May of 2018."  *Id.* at ¶ 18.  "As a result of his injury," Plaintiff alleges that

he "was out of work from May 2018 through June 2018" and returned to work

"[i]n or around July 2018."  *Id.* at ¶¶ 19-20.

Plaintiff alleges that he was called to a meeting with Cathy Clark ("Clark"),

a Nurse Manager, "[i]n or around August 2018."  *Id.* at ¶ 21.  Plaintiff alleges that,

during this meeting, Clark stated that she had seen surveillance footage showing

Plaintiff falling asleep for approximately 30 seconds while on the job and

suspended him.  *Id.*  Plaintiff alleges that when he "attempted to refute" Clark's

statement, she instructed Plaintiff to "clock out and go home."  *Id.* at ¶ 22.

Plaintiff alleges that Clark told Plaintiff she was "reviewing the situation" and

would contact him "when a decision was made."  *Id.* at ¶ 23.

Plaintiff alleges that he received a call from Defendant's Human Resources Manager "[a]pproximately two days" after Plaintiff's meeting with Clark. *Id.* at ¶ 24. Plaintiff alleges that the Human Resources Manager asked for Plaintiff's statement regarding the incident, at which point Plaintiff again "denied sleeping on the job." *Id.* Plaintiff alleges that he requested to view the video footage in question but "Defendant refused to play it for him," and Defendant's Human Resource Manager asked Plaintiff whether he had taken medication the day of the purported incident. *Id.* Plaintiff alleges that he replied that "he had taken a prescribed Tylenol 3 for his arm." *Id.*

Plaintiff alleges that Defendant's Human Resources Manager called Plaintiff "[i]n or around September 2018" to notify him that Defendant had "investigated the situation and terminated Plaintiff." *Id.* at ¶ 25. Plaintiff alleges that he once more requested to see the surveillance footage but "was, again, denied." *Id.*

Plaintiff alleges that Defendant utilizes a "progressive termination policy," which was "not applied consistently in Plaintiff's case." *Id.* at ¶ 28. Plaintiff alleges that he was 57 years old upon his termination and had worked for Defendant for 25 years with no prior disciplinary write-ups or infractions. *Id.* at ¶¶ 26-27. Plaintiff alleges that Defendant was aware of Plaintiff's age and disability at the time of termination and "was looking for any reason to terminate Plaintiff, regardless of the incident." *Id.* at ¶ 29. Plaintiff alleges that his termination was

3

the result of discriminatory action on the basis of his age and disability and that "the given reason was pretextual." *Id.* at ¶ 30.

In Count I, Plaintiff alleges that Defendant discriminated against him and terminated him in violation of the ADEA. *Id*. at ¶¶ 31-46. Plaintiff alleges that he was terminated for "nodding off during his shift" but that this reason was "pretextual." *Id*. at ¶ 43. Plaintiff alleges that the real reason he was fired was because of his age and work injury. *Id*. Plaintiff alleges that "[his] position remained open after [his] termination." *Id*. at ¶ 44. Plaintiff further alleges that "Defendant subjected [him] to a pattern of discriminatory animus" that "culminated in" his termination. *Id*. at ¶ 45.[1]

In Count II, Plaintiff alleges that Defendant discriminated against him and terminated him in violation of the ADA. *Id.* at ¶¶ 47-59. Plaintiff alleges that he was terminated for "nodding for about 30 seconds on the job" but "denied sleeping on the job." *Id.* at ¶ 54. Plaintiff alleges that "Defendant refused to play" the surveillance footage of the incident in question for him. *Id.* Plaintiff alleges that he did not have "any significant disciplinary infractions" or "prior write-ups or

---

[1] Plaintiff has not stated whether he alleges a disparate impact or disparate treatment theory of employment discrimination under either the ADEA or the ADA. A disparate treatment theory of employment discrimination is where an "employer simply treats some people less favorably than others because of their race, color, religion or other protected characteristics." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993) (internal citations and alterations omitted). A disparate impact theory "involve[s] employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Id*. (internal citations omitted). Because Plaintiff alleges Defendant subjected him to a "pattern of discriminatory animus" that "culminated in" his termination, ECF No. 1 at ¶ 45, Plaintiff alleges he was "treat[ed] less favorably than others because of" his age and therefore Plaintiff claims that he received disparate treatment. *Hazen*, 507 U.S. at 609.

discipline" before his termination and that Defendant "has a progressive termination policy," which was "not applied consistently" to his case. *Id.* at ¶ 56-57. Plaintiff further alleges that Defendant exhibited "discriminatory animus" because of Plaintiff's disability and that "the reasoning behind his termination was pretextual." *Id.* at ¶¶ 58-59.[2]

## III.    STANDARD OF REVIEW

When reviewing a motion to dismiss, the Court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[2] As Plaintiff alleges that Defendant exhibited "discriminatory animus" because of Plaintiff's disability and that "the reasoning behind his termination was pretextual," ECF No. 1 at ¶¶ 58-59, Plaintiff alleges he was "treat[ed] less favorably than others because of" his alleged disability and therefore Plaintiff claims that he received disparate treatment. *Hazen*, 507 U.S. at 609; *see supra n. 1.*

misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 557). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

Finally, courts reviewing the sufficiency of a complaint must engage in a three-step process. First, the court "must 'take note of the elements [the] plaintiff must plead to state a claim.'" *Id.* at 787 (alterations in original) (quoting *Iqbal*, 556 U.S. at 675). "Second, [the court] should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (alterations in original) (quoting *Iqbal*, 556 U.S. at 679).

## IV. DISCUSSION

Defendant moves to dismiss contending that Plaintiff failed to sufficiently allege he had a disability under the ADA and failed to plead sufficient facts that plausibly show that Defendant discriminated against Plaintiff for his alleged disability under the ADA or his age under the ADEA. ECF No. 7 at 7. Defendant further contends that the Complaint consists only of conclusory statements and

includes "no facts that raise a reasonable expectation that discovery will reveal evidence of discrimination." *Id.*

A. <u>Discrimination under the ADA</u>

First, Defendant contends that Plaintiff failed to state a claim for disability discrimination under the ADA. ECF No. 7 at 11. The ADA prohibits covered entities from discriminating against qualified individuals on the basis of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

In evaluating a motion to dismiss, once the court has assumed the veracity of the well-pleaded allegations in the complaint, the court must "then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679). However, the Third Circuit has found that, "at least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss." *Connelly*, 809 F.3d at 788. "A *prima facie* case is 'an evidentiary standard, not a pleading requirement.'" *Connelly*, 809 F.3d at 789 (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)); *see also Dreibelbis v. Cty. of Berks*, 2020 WL 605884, at *6 (E.D. Pa. Feb. 7, 2020) (holding that the conclusions and analysis in *Swierkiewicz* under Title VII discrimination also "apply in full force to employment discrimination

7

claims brought under the ADA"). Instead, Plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [Plaintiff's] claims." *Connelly*, 809 F.3d at 789.

Although Plaintiff need not establish a prima facie case of discrimination at this stage, "the elements of a prima facie claim of disability discrimination remain the Court's 'analytical guideline[s] in assessing the plausibility' of [plaintiff's] discrimination claims." *Dreibelbis*, 2020 WL 605884 at *7 (first alteration in original) (quoting *Fabian v. St. Mary's Med. Ctr.*, 2018 WL 4145037, at *3 (E.D. Pa. Aug. 30, 2018)).

A prima facie case of discrimination under the ADA requires Plaintiff to show that "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Shaner v. Synthes (USA)*, 204 F.3d 494, 500 (3d Cir. 2000) (citing *Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998)).

### 1. *Disabled person within the meaning of the ADA*

First, the Court must determine whether Plaintiff has plausibly stated that he is a disabled person under the ADA. *Shaner*, 204 F.3d at 500. Under the ADA, "disability" is defined as "(A) a physical or mental impairment that substantially

limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. . . ."  42 U.S.C. § 12102(1).  For the purposes of § 12102(1)(A), "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  42 U.S.C. § 12102(2)(A).

Section 12102(4)(A) further provides that "[t]he definition of disability in this Act shall be construed in favor of broad coverage of individuals under this Act, to the maximum extent permitted by the terms of this Act."  42 U.S.C. § 12102(4)(A).  "The relevant inquiry remains whether the impairment 'substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population.'"  *Rawdin v. Am. Bd. of Pediatrics*, 985 F. Supp. 2d 636, 649 (E.D. Pa. 2013), aff'd, 582 F. App'x 114 (3d Cir. 2014) (quoting 29 C.F.R. § 1630.2(j)(1)(ii)).  Furthermore, it is "an axiom of any ADA claim that the plaintiff be disabled and that the employer be aware of the disability."  *Jones v. United Parcel Serv.*, 214 F.3d 402, 406 (3d Cir. 2000).

Defendant contends that Plaintiff "fails to assert facts that plausibly show that he had an impairment or injury causing a substantial limitation on his ability to perform any major life activity as compared to others in the general population"

and notes that Plaintiff did not plead any facts addressing the "severity, duration or type of any limitations" experienced from the injury.  ECF No. 7 at 14.  Defendant also contends that Plaintiff did not plead "a record of such an impairment" or that he was "regarded as having such an impairment."  *Id.* at 12.

Plaintiff contends that he has pled that "he suffered a torn bicep[] while at work which requires him to continue to take medication," and that this is sufficient to "demonstrate[] his disability."  ECF No. 8 at 4.  Plaintiff contends that Defendant was aware of his alleged disability because "the injury had occurred at work and he had missed time from work due to the injury."  *Id.* at 4 (citing ECF No. 1 at ¶¶ 18-20).  Plaintiff responds that his "complaint is well pled under the ADA under notice pleading standards" and that he does not need to consider similarly situated employees at this stage.  *Id.* at 4-5.

Because Plaintiff alleges that he injured his right bicep while assisting a patient at work and that he was out of work "[a]s a result of his injury," these facts are sufficient at this stage to allege that Defendant knew of his disability.  ECF No. 1 at ¶ 19.  Furthermore, it is plausible that suffering a torn right bicep, especially where the injury resulted in two months out of work, could substantially limit a number of major life activities as compared to most people in the general population, including caring for oneself, performing manual tasks, sleeping, lifting, and working. 42 U.S.C. § 12102(1), (2)(A).  Therefore, construing the facts in a

light most favorable to Plaintiff, the Court reasonably expects that discovery will uncover that Plaintiff was disabled under the ADA.

## 2.  Whether Plaintiff was qualified for the position

The second element required to establish a prima facie claim of discrimination under the ADA requires determining whether Plaintiff was "qualified" for his job.  *Shaner*, 204 F.3d at 500.  A "qualified individual" is someone "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C.S. § 12111(8).

Plaintiff alleges in the Complaint that he was "qualified for his position" and that "he was still able to perform the essential functions of his job."  ECF No. 1 at ¶ 42.  Defendant does not contest Plaintiff's allegation that he was qualified for his position.  ECF No. 7 at 8.

## 3.  Whether Plaintiff suffered an adverse employment decision resulting from discrimination

The third element required to establish a prima facie claim of discrimination under the ADA requires Plaintiff to show he "has suffered an otherwise adverse employment decision as a result of discrimination."  *Shaner,* 204 F.3d at 500.[3]  In

---

[3] An inference of discrimination can arise when an employer fails to make "reasonable accommodations to the known physical or mental limitations of the [plaintiff]."  *Taylor v.*

this context, "an adverse employment action is one which is 'serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.'" *Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001) (quoting *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1300 (3d Cir. 1997)). If plaintiff plausibly states that he was disabled under the ADA, qualified for his position, and suffered an adverse employment action, plaintiff must still show "causation," or, otherwise put, that "the adverse employment action [plaintiff] suffered was the result of [plaintiff's] disability." *Dreibelbis*, 2020 WL 605884, at *8.

Defendant contends that Plaintiff "does not allege facts that make it plausible that Jefferson discriminated against him." ECF No. 7 at 15. Defendant contends that Plaintiff has not pled facts pertaining to "the right(s) he believes he had under the discipline policy that Jefferson allegedly did not give him in light of his alleged work performance." *Id.* at 16. Defendant also contends that Plaintiff has not alleged that a relevant "decision-maker" was aware of his disability and that Plaintiff has not pled facts showing the "way in which Jefferson purportedly treated him any differently than similarly situated individuals outside his protected class who also had been accused of sleeping on the job." *Id.* Further, Defendant

---

*Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (quoting 42 U.S.C. § 12112(b)(5)(A)). Here, Plaintiff does not allege to have requested or required such accommodation. *See* ECF No. 1.

contends that Plaintiff has "[failed] to assert any conduct that could plausibly constitute a 'pattern of discrimination.'" *Id.* at 17.

Plaintiff contends that his complaint "is well pled under the ADA under notice pleading standards." ECF No. 8 at 5. Plaintiff contends that he has met the pleading standard by stating "that he was terminated in direct contravention of defendant's own progressive disciplinary policy for the sole suspicion that he was sleeping on the job based on the defendant's knowledge of his injury and the medication he was taking." *Id.* at 4. Plaintiff alleges that "he was terminated due to his disability" and that "prior to discovery Mr. Crawford is not in a position to know, nor is he required to plead, that other twenty-five year employees have been terminated on the heels of suffering a disabling work injury." *Id.* at 4-5.

Plaintiff has failed to allege anything other than conclusory statements regarding his termination. Plaintiff alleges baldly that he had a disability, he had no significant disciplinary history, he was terminated, Defendant stated that the reason for his termination was that he was sleeping at work, Plaintiff did not sleep at work, Defendant's termination policy was not applied consistently to him, and the reason for his termination was "pretextual." ECF No. 1 at ¶¶ 14-30. While Plaintiff's termination constitutes an adverse employment action for the purposes of his ADA discrimination claim, Plaintiff fails to state any well-pleaded allegations that would allow the Court to draw the reasonable inference that his

termination was the result of his disability.  Without additional, non-conclusory

factual content, the allegations in the Complaint do not plausibly suggest that

Plaintiff "suffered an otherwise adverse employment decision as a result of

discrimination." *Shaner*, 204 F.3d at 500 (citing *Gaul*, 134 F.3d at 580).  As

Plaintiff fails to allege sufficient facts to raise a reasonable expectation that

discovery will uncover proof that Plaintiff's termination was the result of his

alleged disability, the Court dismisses Plaintiff's ADA claim without prejudice for

failure to state a claim.

B. Discrimination under the ADEA

Defendant contends next that Plaintiff failed to state a claim for age

discrimination under the ADEA.  ECF No. 7 at 18.  The ADEA prohibits

employers from discriminating on the basis of age and declares it "unlawful for an

employer to fail or refuse to hire or to discharge any individual or otherwise

discriminate against any individual with respect to his compensation, terms,

conditions, or privileges of employment, because of such individual's age."  29

U.S.C. § 623(a).

Plaintiff need not establish a prima facie case of discrimination at this stage,

as "[a] prima facie case is 'an evidentiary standard, not a pleading requirement.'"

*Connelly*, 809 F.3d at 789 (quoting *Swierkiewicz*, 534 U.S. at 510).  Rather,

Plaintiff must "allege sufficient facts to raise a reasonable expectation that

discovery will uncover proof of [his] claims." *Id*. However, the Court will use the elements of a prima facie claim for ADEA discrimination as a guideline in evaluating the claim at this stage. *See Dreibelbis*, 2020 WL 605884 at *7.

A prima facie case of discrimination under the ADEA requires a plaintiff to show that "(1) the plaintiff is at least forty years old; (2) the plaintiff suffered an adverse employment decision; (3) the plaintiff was qualified for the position in question; and (4) the plaintiff was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013)).

Even without direct replacement by a younger employee, "the fourth element is satisfied if the plaintiff can provide facts which 'if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.'" *Id.* (quoting *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 352 (3d Cir. 1999)). "Or, put differently, a 'showing that the circumstances of the adverse employment action give rise to an inference of age discrimination' can satisfy the fourth element of the prima facie case." *Howell v. Millersville Univ. of Pennsylvania*, 283 F. Supp. 3d 309, 325 (E.D. Pa. 2017), aff'd, 749 F. App'x 130 (3d Cir. 2018) (quoting *Mayk v. Reading Eagle Co.*, 2010 WL 1141266, at *5 (E.D. Pa. Mar. 24, 2010)). "In a disparate treatment case, liability depends on

15

whether the protected trait (under the ADEA, age) actually motivated the employer's decision." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993).

For the purposes of its Motion to Dismiss, Defendant challenges only the fourth element, contending that Plaintiff "does not plead facts from which this Court can conclude it is plausible that he was terminated because of his age." ECF No. 7 at 20. Defendant contends that Plaintiff "fails to plead comparator evidence to create an inference of discrimination" and "does not allege that he was replaced by a younger employee," while Plaintiff "admits that his position remained open after his termination." ECF No. 7 at 18-19 (citing ECF No. 1 at ¶ 44). Defendant further contends that Plaintiff alleged "no other facts making it plausible that [Plaintiff] was terminated because of his age" and that Plaintiff does not provide "facts to make it plausible that he was treated any less favorably than any similarly situated individual." *Id*. Lastly, Defendant contends that Plaintiff did not plead that "any decision-maker" knew his age. *Id.*

Plaintiff contends that he sufficiently pled the requirements of an age discrimination case under the ADEA. ECF No. 8 at 5. Plaintiff contends that "his tenure with defendant, his lack of any significant prior discipline and the fact that defendant deviated from its own policies in order to terminate him, appropriately rais[e] an inference of age-bias." *Id.* at 6. Plaintiff further contends that pleading

facts of similarly situated individuals is not required to satisfy the fourth element under the ADEA.  ECF No. 8 at 5-6.

Plaintiff alleges only that he is 57 years old, that he was terminated, and that Defendant's reason for his termination was that Plaintiff was sleeping at work. ECF No. 1 at ¶¶ 31-46.  Plaintiff does not allege any non-conclusory facts to show that his age "actually motivated the employer's decision" to terminate him.  *Hazen*, 507 U.S. at 610.  Plaintiff has provided no facts to plausibly show that "the circumstances of the adverse employment action give rise to an inference of age discrimination."  *Howell*, 283 F. Supp. 3d at 325 (quoting *Mayk*, 2010 WL 1141266, at *5).  Nor has Plaintiff alleged any facts plausibly allowing the Court to draw the reasonable inference that Defendant's reasons for terminating Plaintiff are "more likely than not based on the consideration of impermissible factors."  *Willis*, 808 F.3d at 644 (quoting *Pivirotto*, 191 F.3d at 352).  As Plaintiff failed to allege any non-conclusory facts that raise a reasonable expectation that discovery will uncover proof that Plaintiff's age motivated Defendant's decision to terminate Plaintiff, Plaintiff's ADEA claim is dismissed without prejudice for failure to state a claim.

## V.    CONCLUSION

For the reasons stated above, Defendant Jefferson Hospital's Motion to Dismiss is hereby granted.  The Complaint is dismissed without prejudice. Plaintiff

is granted leave to file an amended complaint on or before July 13, 2020.  An

appropriate order will follow.

**BY THE COURT:**

**DATED:  June 24, 2020**                              **/s/ Chad F. Kenney**

                                                                        **CHAD F. KENNEY, JUDGE**